1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADOBE SYSTEMS, INC.,                    No. C 08-2436 PJH (WDB)

            Plaintiff,

      v.                                **REPORT AND
                                         RECOMMENDATION RE MOTION
                                         FOR DEFAULT JUDGMENT**

DEBRA TAVEIRA, and JUAN
ROYAL,

            Defendants.
_____/

## **Procedural Background**

      Plaintiff Adobe Systems Incorporated ("Adobe") is a Delaware corporation
with its principal place of business in California.  Adobe develops and distributes
computer software and, in connection with that enterprise, owns the rights to
various copyrighted software.  Adobe also uses a variety of registered trademarks
in promoting and selling that software.  First Amended Complaint, filed July 1,
2008, at ¶¶2, 7-11 and Ex. A - B. ("Complaint").

      Defendant Debra Taveira is an individual and resident of New Jersey.
Complaint at ¶12.   Defendant Juan Royal is an individual and resident of New
York.  Complaint at ¶13.

1

On July 1, 2008, plaintiff filed its First Amended Complaint against defendants alleging that Adobe is the owner of copyrights in various computer software and the owner of registered trademarks used in the promotion and sale of that software and that defendants have violated exclusive rights granted to plaintiff in violation of the Copyright Act and Lanham Act.  See, Complaint at ¶¶2, 7-11 and Ex. A and B.

More specifically, plaintiff alleges that, using the internet, defendants have sold counterfeit copies of Adobe's computer software bearing marks identical to Adobe's registered trademarks in an attempt to "palm off" defendants' products as originating from Adobe.  Complaint, at ¶¶3, 12-19.

Defendant Debra Taveira stipulated to entry of a permanent injunction, and plaintiff dismissed her from the lawsuit.  See, Stipulation, filed August 22, 2008.

Plaintiff served defendant Juan Royal with a copy of the Complaint.  See, Proofs of Service, filed August 14, 2008.  Defendant Juan Royal has not responded to the Complaint or otherwise entered an appearance in this action.

In response to plaintiff's application for entry of default, the Clerk of the Court entered default as to Juan Royal on September 12, 2008.

On October 30, 2008, plaintiff filed its Motion for Default Judgment Against Defendant Juan Royal ("Motion").  District Judge Hamilton referred plaintiff's Motion for Default Judgment to the undersigned for Report and Recommendation.  Order Referring Case, filed November 6, 2008.  Plaintiff has served its Motion for Default Judgment on the defaulting defendant at his last known address.  See, Proof of Service attached to Motion, filed October 30, 2008.  Papers served on the defaulting defendant's last known address further notified defendant that this Court would conduct a hearing on January 14, 2009, in connection with the Motion for Default Judgment.  Certificate of Service, filed December 22, 2008.

On January 14, 2009, the Court conducted a duly noticed hearing in connection with plaintiff's Motion.  No appearance was made on behalf of defendant Juan Royal.

Plaintiff seeks judgment against defendant on its trademark claim in the amount $250,000.00, plus post-judgment interest at the statutory rate.  Motion at 10-14.  Plaintiff also asks the Court to issue a permanent injunction prohibiting defendant from infringing plaintiff's rights in copyrighted computer software and prohibiting defendant from using Adobe's marks.  <u>See</u>, Complaint at ¶¶6-8.

We make the following Report and Recommendation.

## I.    **Entitlement to Entry of Default Judgment**

Although plaintiff's Complaint alleges claims for copyright infringement and trademark infringement, plaintiff seeks entry of a monetary judgment against Juan Royal only with respect to plaintiff's second claim for trademark infringement.  Motion at 5-8; Notice of Motion at ¶5; Transcript of January 14, 2009, hearing.

Plaintiff served defendant with the motion for default judgment.  See, Proof of Service, filed October 30, 2008.

Defendant has failed to respond to the Complaint or otherwise to appear in the proceedings, and the Clerk of the Court entered default as to Juan Royal.

### A.    **Trademark Infringement**

To establish trademark infringement, a plaintiff must show that (1) plaintiff has a valid, protectable trademark, and (2) defendant's use of the mark is likely to cause confusion.  15 U.S.C. §1114; *Applied Information Sciences v. Ebay, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007).

Plaintiff has established that it has registered the trademarks listed at Exhibit B of the First Amended Complaint with the Patent and Trademark Office.

Complaint at ¶¶9-11 and Ex. B; Declaration of Chris Stickle, filed October 30, 2008, ("Stickle Decl."), at ¶3 and Ex. E; Declaration of Nicole L. Drey, filed October 30, 2008, ("Drey Decl."), at ¶12; Transcript of January 14, 2009, hearing. A federally registered trademark constitutes *prima facie* evidence of a valid, protectable mark and the registrant's "exclusive right to use the mark on the goods . . . specified in the registration." *Applied Sciences*, 511 F.3d at 970, *quoting Brookfield Communications, Inc. v. West Coast Entertainment Corp.,* 174 F.3d 1036, 1047 (9th Cir. 1999); 15 U.S.C. §1115(a).  By virtue of his default, defendant has failed to rebut this presumption.  Therefore, plaintiff has satisfied the first element of its claim for trademark infringement.

Plaintiff also must demonstrate that defendant's use of Adobe's registered marks is likely to confuse purchasers about the source of defendant's products. *Interstellar Starship Serv., Ltd., v. Epix, Inc.,* 304 F.3d 936 (9th Cir. 2002); *Brookfield Communications, Inc.,* 174 F.3d at 1053.

Where a defendant knowingly adopts the plaintiff's mark with the intent to capitalize on plaintiff's reputation the courts may presume that the public will be deceived. *AMF Inc., v. Sleekcraft Boats*, 599 F.2d 341, 354 (9th Cir. 1979), *abrogated in part on other grounds by Mattel Inc., v. Walking Mountain Prods.,* 353 F.3d 792 (9th Cir. 2003); *M2 Software, Inc. v. Madacy Entertainment,* 421 F.3d 1073, 1085 (9th Cir. 2005).  Adobe alleges that Mr. Royal knowingly and willfully adopted Adobe's marks with the intent to "palm off" his counterfeit software as Adobe's.  Complaint at ¶¶3-4, 14-19, 25-30.  The well-pled allegations of plaintiff's complaint have been deemed admitted by virtue of Mr. Royal's default.  *TeleVideo Sys., Inc., v. Heidenthal*, 926 F.2d 915, 917-918 (9th Cir. 1987).  Moreover, unrebutted evidence submitted by Adobe could support an inference that Mr. Royal knowingly engaged in a commercial enterprise to palm off his counterfeit software to ebay consumers.  Declaration of Christopher D.

4

Johnson, filed October 30, 2008, ("Johnson Decl."), at ¶¶3-7; Stickle Decl., at ¶4; Drey Decl., at ¶¶3-5, Exs. A-D and F.  Accordingly, the Court may presume that Mr. Royal's use of Adobe's marks will confuse and deceive purchasers of defendant's software about the source of the purchased goods.

Additionally, even if the Court elects not to employ the presumption recognized by the Ninth Circuit in *Sleekcraft* and *M2 Software*, plaintiff has established that defendant's use of plaintiff's marks is likely to confuse purchasers of defendant's software.

To assess likelihood of confusion, courts in the Ninth Circuit look to the eight factors set forth in *Sleekcraft*, 599 F.2d 341.  As our Court of Appeals has emphasized, the *Sleekcraft* test "is pliant." *Brookfield,* 174 F.3d at 1054.

> Some factors are much more important than others, and the relative importance of each individual factor will be case-specific.  Although some factors -- such as the similarity of the marks and whether the two companies are direct competitors -- will always be important, it is often possible to reach a conclusion with respect to likelihood of confusion after considering only a subset of the factors.

*Id*.

In the internet context we focus on three of the *Sleekcraft* factors: "(1) the similarity of the marks, (2) the relatedness of the goods and services, and (3) the parties' simultaneous use of the Web as a marketing channel." *Perfumebay.com, Inc., v. eBay Inc.*, 506 F.3d 1165, 1173 (9th Cir. 2007) quoting *Interstellar Starship Servs.,* 304 F.3d at 942.  If these three factors suggest that confusion is likely, the remaining *Sleekcraft* factors must weigh strongly against a likelihood of confusion to avoid finding that defendant's use of the mark has infringed. *Id.,* at 1173-75.

Plaintiff alleges, and evidence submitted by plaintiff supports a finding that, defendant uses marks identical to those registered by plaintiff to sell the same kinds of goods sold by plaintiff, computer software.  Complaint at ¶¶1-31; Johnson Decl., at Exs. A-D.  Additionally, both plaintiff and defendant market their computer software on the internet.  Motion at ¶7; Complaint at ¶13; Johnson at ¶3-

7.[1]  Plaintiff's allegations and evidence are unrebutted by virtue of defendant's default.  We find that the three factors most pertinent in cases involving the internet strongly suggest a likelihood of confusion.  Therefore, we will recommend that the District Court find that defendant is liable for trademark infringement unless the remaining *Sleekcraft* factors strongly negate a finding that confusion is likely.  They do not.

On balance, the remaining *Sleekcraft* factors -- strength of plaintiff's mark, actual confusion, degree of consumer care, defendant's intent, and likelihood of expansion into other markets – also support a finding of likely confusion.

Adobe alleges that its trademarks are exceptionally strong and have acquired secondary meaning throughout the world.  Complaint at ¶11.  We also take judicial notice that the name "Adobe" and at least some of Adobe's marks in connection with certain kinds of computer software are ubiquitous on the internet.  Defendant currently sells goods that directly overlap and compete with goods sold by Adobe.  Furthermore, the unrebutted allegations of the complaint support a finding that defendant intentionally adopted plaintiff's marks in order to "palm off" his counterfeit software as emanating from Adobe.

The level of consumer care further weighs in plaintiff's favor.  Plaintiff contends that purchasers of software are likely to rely on brand recognition to obtain reassurance that a product is reliable.  Motion at 7.  We agree that, to some extent, consumers of computer software are likely to rely on brand recognition.  Computer software purchased by an individual for personal use tends not to be so costly that the average consumer would expend significant resources researching his or her options.  *Compare*, *Sleekcraft*, 599 F.2d at 353-354 (purchasers of

---

[1]Adobe does not submit evidence in support of its contention that it markets its computer software on the internet.  However, plaintiff asks the Court to take judicial notice of this fact by examining Adobe's presence on the internet.  Motion at 7:11-18.  The Court takes judicial notice of the fact that Adobe sells its computer software via the internet through www.adobe.com and other third party retailers.

expensive boats are not likely to rely on branding alone in making purchases of that magnitude).  Plaintiff also notes that defendant's use of the internet for sales obscures purchasers ability to determine that defendant's products are merely pirated versions of plaintiff's products.  Motion at 7.

The only factor that does not clearly weigh in plaintiff's favor is "evidence of actual confusion."  Plaintiff argues that the mere fact that consumers purchased software from Mr. Royal constitutes evidence of actual confusion, but the existence of these purchases gives us no information about what consumers believed about the source of the products they were buying.  Nonetheless, given the procedural posture of this case, it would be unreasonable to expect plaintiff to commit significant resources to gathering evidence of actual consumer confusion.  Where, as alleged here, defendant uses marks identical (or nearly so) to plaintiff's marks on products that consist of pirated copies of plaintiff's product, we are prepared to presume at least a sizeable amount of confusion about the source of those products even if some customers are savvy enough to know they are buying illicit copies of the software.  Moreover, because evidence of actual confusion is difficult to uncover, the absence of evidence on actual confusion is "generally unnoteworthy."  *Perfumebay*, 506 F.3d at 1176.

On the record before us, it is extremely likely that the parties' goods "would be reasonably thought by the buying public to come from the same source."  *Sleekcraft*, 599 F.2d at n.10.  Accordingly, we RECOMMEND that the District Judge find that plaintiff has established a valid, protectable interest in its marks and that Mr. Royal has infringed plaintiff's federally registered marks.

//

**B.**   **Recommendation re Entry of Judgment by Default**

Plaintiff served defendant with the motion for default judgment.  See, Proof of Service, filed October 30, 2008.

Defendant has failed to respond to the Complaint or otherwise to appear in the proceedings, and the Clerk of the Court entered default as to Juan Royal.

By failing to respond to plaintiff's Complaint, defendant admits all of the well-pled allegations of the Complaint relating to liability.

Moreover, plaintiff's evidence, uncontradicted by virtue of defendant's default, establishes the substantive merits of plaintiff's claim that defendant infringed plaintiff's trademarks.

The Court further finds that there is a significant risk of prejudice to plaintiff if its Motion is denied.  Defendant appears to be self-consciously engaged in an unlawful enterprise.  Moreover, defendant has done nothing to rebut plaintiff's plausible contention that if the Court declines to enter judgment defendant is likely to continue to infringe plaintiff's rights without fear of repercussions.

The Court also is satisfied that Juan Royal is not a minor or otherwise incompetent and is not on active duty in the military service.  F.R.C.P. 55(b); Soldiers and Sailors Civil Relief Act of 1940, 50 App. U.S.C. §521(b).  Plaintiff's counsel, Nicole Drey, submitted a declaration stating, "on information and belief," that Mr. Royal was not a minor or in the military.  Drey Decl., at ¶¶10-11.  Because Ms. Drey did not set forth the factual basis for her assertion, her declaration is insufficient to support the requisite finding.  However, at the January 14th hearing on this matter Ms. Drey represented to the Court that she spoke to Mr. Royal via telephone and asked him directly whether he was in the military and that he responded that he was not.  Transcript January 14, 2009, hearing.  Mr. Royal's statement constitutes an admission of a party-opponent.  F.R.E. 801(d)(2).  Ms. Drey further represented to the Court that, based on her investigation, Mr. Royal is a licensed real estate broker in the State of New York, and, therefore, it is improbable that he is under eighteen years of age.

Given defendant's apparent awareness of plaintiff's claims[2] and of these proceedings, his complete failure to appear, the risk of prejudice to plaintiff resulting from the threat of continued violations of plaintiff's rights, the sufficiency of plaintiff's complaint, and the apparent merit of plaintiff's substantive claim, we RECOMMEND that the District Judge find that plaintiff is entitled to judgment by default against Juan Royal with respect to its second claim for trademark infringement.  See, F.R.C.P. 55(b); *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986).

## II.   **Items of Relief Sought by Plaintiffs**

### A.   **Statutory Damages**

The Lanham Act permits a plaintiff to elect statutory damages, in lieu of actual damages, where defendant has used a counterfeit mark.  15 U.S.C. §1117(c). *See also*, *State of Idaho Potato Commission v. G&T Terminal Packaging, Inc.*, 425 F.3d 708 (9th Cir. 2005).  The Court has discretion to award statutory damages of $500.00 to $100,000.00 "per counterfeit mark per type of goods or services sold, offered for sale, or distributed."  15 U.S.C. §1117(c)(1).  Furthermore, where plaintiff establishes that defendant's infringement was "willful" plaintiff may seek an award of up to one million dollars per violation.  15 U.S.C. §1117(c)(2).[3]

The unrebutted allegations of the complaint establish that defendant used counterfeit versions of plaintiff's marks and that defendant's conduct was "willful."  Complaint at ¶¶3, 12-19, 25-30.  *See also*, *Derek Andrew, Inc., v. Poof Apparel Corp.,* 528 F.3d 696, 702 (9th Cir. 2008) (allegation of willfulness deemed

---

[2]Plaintiff's evidence supports an inference that counsel for plaintiff had at least one phone call with Mr. Royal on June 12, 2008.  Drey Decl., at ¶4.

[3]Effective October 13, 2008, Congress raised the range for statutory damages to $1,000.00-$200,000.00 and provided for damages of up to two million dollars per violation for willful infringement. Because plaintiff's complaint, filed on July 1, 2008, alleges infringement occurring before the effective date of these amendments, the Court applies the prior version of section 1117.

9

admitted on default).  Evidence submitted by plaintiff also could support an inference that defendant intentionally and willfully employed counterfeit versions of plaintiff's mark.  Johnson Decl., at ¶3-7 and Exs. A-D; Stickle Decl., at ¶4; Drey Decl., at ¶3-5, Ex. F.

Plaintiff asks the Court to award statutory damages of $50,000 per violation for each of five violations.  Plaintiff establishes a violation of the Lanham Act for each different mark used without authorization by defendant.  15 U.S.C. §1117(c)(1).  Plaintiff has submitted evidence, unrebutted by defendant, that supports a finding that defendant used the following five marks registered by Adobe in the sales of defendant's counterfeit software: "Adobe Photoshop," "Adobe Creative Suite," "Adobe System Incorporated," "Adobe," and the logo "A" written as a stylized block letter against a contrasting background.  Johnson Decl., at Exs. A-D; Drey Decl., at Ex. E; Complaint at Ex. B; Transcript of January 14, 2009, hearing.

Plaintiff seeks statutory damages of $50,000.00 per violation.  Plaintiff seeks an amount within the range for "innocent" infringement despite having established willfulness.  Plaintiff also seeks statutory damages in connection with only five violations even though it appears defendant may have sold many more counterfeit goods using more than five of Adobe's marks.[4]  In its Complaint plaintiff alleges that defendant has sold more than one thousand unauthorized copies of Adobe software.  Complaint at 4:18.  Moreover, e-mail correspondence between the defendants supports an inference that defendants sold most or all of twenty "items," that defendants would be listing "20-30 more pieces," and that defendants intended to continue to make additional sales of software for at least another six months.  *E.g.*, Drey Decl., at Ex. F (e-mails from defendant Taveira to Mr. Royal

---

[4]Plaintiff asserts that Mr. Royal has infringed substantially more than five of Adobe's marks but that Adobe chooses to seek statutory damages with respect to only five violations in an effort to reassure the Court that its request for damages is reasonable.  Transcript of January 14, 2009, hearing.

dated February, 25, 2008 and February 28, 2008 and e-mails from Mr. Royal to defendant Taveira dated March 4, 2008 and March 11, 2008).

We recommend that the District Judge find that statutory damages of $50,000.00 per violation are reasonable where, as here, plaintiff has established that defendant intentionally and willfully infringed plaintiff's marks in a self-conscious effort to palm off pirated copies of plaintiff's software as emanating directly from plaintiff. A significant damages award is necessary to deter a defendant who has intentionally and willfully infringed plaintiff's rights and who is aware of these proceedings but attempts to avoid answering for his conduct by failing to appear in this action.

## B. __Permanent Injunction__

Section 1116 of the Lanham Act authorizes the Court to enjoin defendant from infringing plaintiff's registered marks "according to principles of equity." 15 U.S.C. 1116(a).

Plaintiff's complaint asserts both copyright and trademark infringement, and plaintiff seeks an injunction prohibiting defendant Juan Royal from infringing plaintiff's rights in copyrighted computer software and prohibiting defendant from using Adobe's marks. Motion at 10; Complaint at 6-8. Based on the record before the Court it appears likely that Mr. Royal has violated plaintiff's copyrights. However, the substance of plaintiff's Motion for Default Judgment relates almost exclusively to Mr. Royal's violation of the Lanham Act. Because plaintiff has not satisfied the procedural predicates for obtaining entry of default on plaintiff's copyright claim, the Court is unable to make findings that would support a recommendation that entry of default on that claim is appropriate under the factors set forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). Therefore, at this juncture, we consider whether plaintiff has established its entitlement to an

11

injunction that prohibits further <u>trademark</u> infringement but that does not embrace plaintiff's copyright claim.  See, Transcript of January 14, 2009, hearing.

Courts determining whether to issue a permanent injunction consider the following equitable factors: "(1) that [the plaintiff] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay, Inc. v. MercExchange L.L.C.*, 547 U.S. 388 (2006) (claim for patent infringement).

Plaintiff has established liability by virtue of defendant's default. Trademark infringement risks harm to plaintiff that may be difficult to calculate. In contrast, the risk of harm to defendant that would be created by issuance of the injunction is small.  Therefore, if plaintiff has demonstrated a significant threat of future violations this Court will recommend that the injunction issue.

Defendant has not appeared in this action.  The record supports a finding that defendant has self-consciously engaged in unlawful conduct directed at Adobe.  Moreover, several pieces of information in the record could support an inference that defendant has engaged in high volume sales of counterfeit versions of Adobe's software bearing Adobe's registered marks and that Mr. Royal intends to continue doing so over a substantial period of time.  The evidence also supports an inference that he intends to increase the number of channels through which he distributes his counterfeit products.  In an e-mail dated March 4, 2008, Mr. Royal stated to co-defendant an intention to continue selling Adobe software for, at least, an additional six months.  Drey Decl., at Ex. F. ("hopefully I can find more items so that we can make it thru the summer").  Furthermore, on March 11, 2008, Mr. Royal directed Ms. Taveira to expand the number of channels through which

defendants distributed their counterfeit products by opening additional accounts with ebay and by using other "outlets" (*e.g.*, amazon.com).  Drey Decl., at Ex. F ("Also, anyway we could list more (like 10 a day) using multiple accounts or outlets").  Ms. Taveira responded by asking what price she should list on amazon. Drey Decl., at Ex. F (March 11, 2008 e-mail from Taveira to Royal).

In light of the record, neither plaintiff nor the Court can be confident that defendant will cease his infringing behavior.  Given all of these factors, the Court concludes that plaintiff has demonstrated a significant risk that defendant will continue to violate the trademark laws by continuing to try to sell counterfeit versions of Adobe's marks on pirated software.

Therefore, we RECOMMEND that the District Judge enjoin defendant Juan Royal as follows.

"Juan Royal and his agents, servants, employees and all persons in active concert and participation with them are permanently enjoined from:

Directly or indirectly infringing Adobe's trademarks in any manner, including generally, but not limited to, by offering for sale any products which picture, reproduce, copy or use the likenesses or bear a confusing and/or substantial similarity to any of Adobe's trademarks,

Distributing any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing and/or substantial similarity to any of Adobe's trademarks,

Engaging in any conduct that tends to falsely represent, or is likely to confuse, mislead or deceive purchasers, Defendant's customers and/or members of the public to believe that the actions of Defendant, the products sold by defendant, or defendant himself are/is connected with Adobe, are sponsored, approved or licensed by Adobe, or are in some way affiliated with Adobe, and

13

Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Adobe."

### C.    Post-judgment interest

Plaintiff seeks and is entitled to post-judgment interest as provided by 28 U.S.C. §1961(a).  Motion at 14.

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding.[5] the date of the judgment.

28 U.S.C. §1961(a).

We RECOMMEND that the District Judge enter a judgment in favor of plaintiff and against Juan Royal that includes post-judgment interest pursuant to 28 U.S.C. §1961(a).

### III.    Conclusion

We RECOMMEND that the District Judge enter judgment in the amount $250,000.00 in favor of plaintiff and against defendant Juan Royal on plaintiff's second claim for trademark infringement, together with post-judgment interest at the rate provided by 28 U.S.C. §1961(a).

We further RECOMMEND that the District Judge enter the permanent injunction set forth in section II.B. above.

---

[5]This period is in the original and most likely was unintentional.  See, 28 U.S.C. §1961(a).

14

**Plaintiffs must immediately serve defendant with a copy of this Report and Recommendation.**

IT IS SO REPORTED AND RECOMMENDED.

Dated: January 16, 2009

WAYNE D. BRAZIL
United States Magistrate Judge

Copies e-mailed to:
parties of record,
PJH, WDB, stats

plaintiff instructed to serve defendant